UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG TAN NGUYEN,<br>A-043-065-102<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-01701-DAD-DMC-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 9.

## I. BACKGROUND

The District Judge summarized the factual history as follows:

> Petitioner is a native and citizen of Vietnam. He was ordered removed to Vietnam in 1999. He remained in immigration custody from 1999 to 2001, then released on an order of release under supervision ("OSUP") once petitioner's removal to Vietnam could not be effectuated. His OSUP required him to appear in person to a local INS office at the beginning of each month and to submit written proof that he has requested travel documents from Vietnam. Petitioner appeared in person every month without incident from 2001 to 2026, until he was re-detained after immigration officials determined that petitioner violated his OSUP by failing to request travel documents. Petitioner has now been detained for more than the presumptively reasonable 6-month post-removal order period.

ECF No. 15.

The District Judge ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order and specifically directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in N.D.N. v. Bondi, No. 1:25-cv-01587-DAD-CKD, 2025 WL 3251102 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by the Court. See ECF No. 10. Respondents filed an opposition to the petition, ECF No. 12, and Petitioner filed their reply. See ECF No. 14. The Court granted Petitioner's motion for temporary restraining order, finding that Petitioner's detention had become prolonged. See ECF No. 15. The Court ordered:

> (1) respondents are ORDERED to immediately release petitioner, A# 043-065-102, from respondents' custody;
>
> (2) respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk. Petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedures. The Clerk of the Court is directed to serve California City Detention Center with a copy of this order. The parties are directed to meet and confer, if possible, and submit a joint proposed briefing schedule on any motion for preliminary injunction.
>
> Id.

On April 22, 2026, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. See ECF No. 17. The matter was referred to the undersigned for further proceedings.

## II. DISCUSSION

The undersigned finds that Petitioner's due process rights were violated when he was detained on January 7, 2026, because Respondents did not comply with the requirements of 8 C.F.R. § 241.13(i) when revoking Petitioner's conditional release.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any

noncitizen from this country within 90 days of any order of removal. 8 U.S.C. § 1231(a)(1). However, once that time passes and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," the noncitizen must be released. Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Upon release, a noncitizen subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6).

The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes revocation of a noncitizen's release for violating conditions of release or purposes of removal, specifically:

> (1) **Violation of conditions of release**. Any alien who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody and is subject to the penalties described in section 243(b) of the Act. In suitable cases, the HQPDU shall refer the case to the appropriate U.S. Attorney for criminal prosecution. The alien may be continued in detention for an additional six months in order to effect the alien's removal, if possible, and to effect the conditions under which the alien had been released.
>
> (2) **Revocation for removal**. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.
>
> 8 C.F.R. § 241.13(i).

§ 241.13(i) additionally outlines the revocation procedure, which requires: "(1) the noncitizen must be informed of the basis for revocation; (2) the noncitizen must be provided a "prompt" opportunity to present evidence and explain why revocation is not warranted; and (3) if the revocation is discretionary in nature, it must be made by an appropriate official." Esmail v. Noem, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030590, at *2 (C.D. Cal. Sept. 12, 2025) (citing § 241.13(i)(3); § 241.4(l)(2)).

"It is well-established that government agencies are required to follow their own regulations." Constantinovici v. Bondi, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954); United States v. Ramos, 623 F.3d 672, 683 (9th Cir. 2010)). In light of this, district courts have found it is appropriate to order the release of immigration detainees when it is determined

that ICE violated their own policies when effectuating the detention of a noncitizen. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (finding petitioner likely to succeed on his unlawful re-detention claim because “there is no indication that an informal interview was provided”); Rombot v. Souza, 296 F. Supp. 3d 383, 387 (D. Mass. 2017)(ordering petitioner’s release because “the record does not show” that ICE followed the requirements to revoke release as set forth in § 241.4); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 164 (W.D.N.Y. 2025) (finding petitioner’s due process rights were violated when ICE failed to comply with § 241.4 when revoking petitioner’s release due to violations of the conditions of release); Saeid Baniasadi v. Fereti Semaia, No. EDCV 26-01275-MWF(DSR), 2026 WL 851358 (C.D. Cal. Mar. 25, 2026)(ordering a petitioner’s release upon finding petitioner is likely to succeed on his claim that the revocation of his release was not in accordance with § 241.4).

When the government seeks to revoke the release of a noncitizen subject to § 1231 for removal, but fails to provide the process prescribed in 8 C.F.R. § 241.13(i)(3), this Court has granted petitions, or afforded injunctive relief, ordering the immediate release of the noncitizen. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025); Vuong v. Becerra, 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025).

Respondent argues that Petitioner’s post-final removal order conditional release was properly revoked because “[Respondents] informed Petitioner that his OSUP had been revoked because he did not provide evidence that he’d requested travel documents in violation of the terms of supervision. Exh. 1 at 3. Petitioner received an informal interview to contest the allegation but did not provide a statement. *Id.* at 5.” ECF No. 12, pg. 3. Thus, Respondents contend that Petitioner’s release was revoked pursuant to 8 C.F.R. § 241.13(i)(1), failure to comply with the conditions of release.

Respondents specifically allege that Petitioner’s failure to request travel documents from his embassy or consulate constituted a violation of the conditions of his release. See ECF No. 12-1, pg. 2. The records show that Petitioner was informed on November 16, 2001, that a condition of his release included “That you assist the Immigration and Naturalization Service [INS] in obtaining any necessary travel documents.” ECF No. 12-1, pg. 13. Petitioner was

informed that he was required to request travel documents from his embassy or consulate "within 30 days of receiving this form" on January 7, 2026. ECF No. 12-1, pg. 6. There is nothing in the record that shows Petitioner was informed that he needed to request travel documents himself prior to January 7, 2026, nor do Respondents claim that Petitioner was informed of this requirement prior to January 7, 2026.

The Court finds that Petitioner's release could not be properly revoked for failure to adhere to the conditions of release because there is no record showing Petitioner violated the conditions of his release. The condition requires that Petitioner "assist the [INS] in obtaining any necessary travel documents." If Petitioner was not informed that he needed to request travel documents himself in order to "assist the [INS]," until January 7, 2026, Petitioner could not be detained for failure to do so on January 7, 2026. Indeed, the notice informing Petitioner that he needed to request the documents himself states that Petitioner has 30 days to make such request. See ECF No. 12-1, pg. 6. Petitioner was not provided the opportunity to make such a request because Respondents prematurely detained him. Thus, the undersigned finds that Petitioner's due process rights were violated when he was detained in violation of 8 C.F.R. § 241.13(i)(1) and will recommend the petition be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that:

1. It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED;

2. It is RECOMMENDED that Respondents be restrained and enjoined from re-detaining Petitioner absent strict adherence to 8 C.F.R. § 241.13(i);

3. It is RECOMMENDED that Respondents be required to provide Petitioner prior notice of the requirements of his release such that Petitioner has a meaningful opportunity to comply with such requirements.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE